United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sheila Elliott-Savory, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-23662-Civ-Scola |
| | ) |
| Royal Caribbean Cruises LTD., | ) |
| Defendant. | ) |

## **Order Striking Complaint and Requiring Amended Complaint**

This matter is before the Court on an independent review of the record. This maritime tort action arises from injuries allegedly sustained by Plaintiff Sheila Elliot-Savory while she was seated in a tender belonging to the Defendant. According to the complaint, the captain of the tender lost all steering capability and the tender collided violently with the cruise ship, causing the Plaintiff to be thrown about the inside of the tender. (ECF No. 1 at ¶ 12.) This complaint, however, is a shotgun pleading. The Court therefore **strikes** it.

Does anyone in the Plaintiff's law firm read the Court's orders? Apparently not. Sadly and disappointingly at this point, this is at least the fourth time the Court has found itself admonishing attorneys David L. Markel, Edward Steven Schwartz, Philip Maurice Gerson, and Nicholas I. Gerson, and at least the third time admonishing attorney Raul Gabriel Delgado, II—all of the law firm Gerson & Schwartz—for similar shortcomings arising out of other complaints assigned to this Court. *See Humphreys v. Carnival*, 1:18-cv-24783, ECF No. 5 (S.D. Fla. Mar. 7, 2019); *Lucas v. Royal Carribean*, 1:19-cv-20914, ECF No. 5 (S.D. Fla. Mar. 22, 2019); *Corgiat v. Carnival*, 1:19-cv-20577, ECF No. 4 (S.D. Fla. Feb. 12, 2019); *Ortega v. Royal Caribbean Cruises, Ltd.*, 1:19-cv-22453, ECF No. 5 (S.D. Fla. June 14, 2019).

As the Court has explained to these attorneys before, multiple claims for relief cannot all be dumped into one nebulous count. Indeed, this complaint does not even contain counts. After the jurisdictional allegations, it contains one section titled "Liability and Damage Allegations." (ECF No. 1 at 2.) The Plaintiff does not separately title or label her claims but seems to assert one count of negligence under the following theories of liability:

    a. The Defendant failed to maintain the steering and navigation system in a reasonably safe condition;
    b. Failing to properly, timely and routinely inspect the steering and navigation system for defects;

c. Failing to establish, implement, and enforce policies and procedures regarding inspection and maintenance of the steering and navigation system for defects;
   d. Failing to have in place a functioning back up steering mechanism;
   e. Failing to have a safety kill switch to turn off the engine;
   f. Failing to outfit the tender with handholds and seats with seat belts and hand grips for passengers to secure themselves;
   g. Failing to remove the tender from service.

(*Id.* at ¶ 16.)

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). One type of shotgun pleading is where a complaint fails to "separate[] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading").

The Complaint is a shotgun pleading and is stricken accordingly. In this complaint, the Plaintiff lists at least three theories of liability, failure to maintain a safe steering and navigation system, negligent design, and failure to maintain adequate policies and procedures. (ECF No. 1 at ¶ 16.) These are separate causes of action that must be asserted independently and with supporting factual allegations. *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading,'" where the plaintiff alleged that Defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which Defendant breached this duty"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence

claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith.").

The complaint also fails to include any factual allegations to support the Plaintiff's claims of negligence. The only facts asserted are that on September 3, 2018, the Plaintiff boarded a tender and the captain lost steering capability. The tender collided with the cruise ship which caused the Plaintiff to be thrown about the inside of the tender and sustain injuries. (ECF No. 1 at ¶ 12.) "Plaintiff has done little more than assert fact-free, wholly conclusory, boilerplate allegations . . . Plaintiff has failed to allege facts that are suggestive enough to render each element of his claim for negligen[ce] [ ] plausible." *Gharfeh v. Carnival Corp.*, 309 F. Supp. 3d 1317, 1332-33 (S.D. Fla. 2018) (Goodman, Mag. J.). In its current form, the complaint fails to give the Defendant "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1322.

Accordingly, the Court **strikes** the Complaint, (**ECF No. 1**), as a shotgun pleading. The Plaintiff may file an amended complaint by **September 18, 2019**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Specifically, the Plaintiff shall assert each theory of liability as a separate cause of action. And any legal conclusions that form the basis for those claims must be supported by good faith factual allegations. *See* Fed. R. Civ. P. 11(b); *Gayou*, 2012 WL 2049431 at *6 ("Upon re-pleading, however, [plaintiff] is reminded that any alleged breaches, and the duties associated therewith, must be consistent with federal maritime law and must be supported by underlying factual allegations."). The Plaintiff is forewarned that failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

**Done and ordered**, in Chambers, in Miami, Florida on September 9, 2019.

							_____
							Robert N. Scola, Jr.
							United States District Judge